FILED
May 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002636767

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MERSEDEH SULLIVAN and<br>JAMIE SULLIVAN,<br><br>    Debtors. | NO: 09-90347-E-7<br><br>DC No.: SLF 6<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY**<br><br>Date: June 30, 2010<br>Time: 11:00 a.m.<br>Place: Department E<br>The Honorable Ronald H. Sargis |

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY            1

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell eight acres of undeveloped real property located at 22055 Bennett Road, Springfield Estates, Columbia, California 95310 (the "Property").

The Trustee believes the sale of the Property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

1. On February 10, 2009, the Debtors filed this case. Gary R. Farrar was appointed Chapter 7 Trustee. (Farrar Decl., ¶ 2).

2. The Debtors identified the Property in Schedule A. They valued the Property at $150,000 and claimed $75,000 exempt. (Farrar Decl., ¶ 3, Ex. A).

3. On March 31, 2009, the Trustee filed an objection to the Debtors' exemption in the Property. On April 30, 2009, the Court sustained the Trustee's objection. (Farrar Decl., ¶ 4, Ex. A).

4. The Debtors did not schedule any liens against the Property and the Trustee is unaware of any liens. (Farrar Decl., ¶ 5).

5. On April 8, 2009, the Trustee applied for authorization to employ Brenda Joyce Ernst of Sugar Pine Realty GMAC of Soulsbyville, California, to market and sell the Property. The application was noticed under Local Rule 9014-1(k) and no party filed a timely opposition. (Farrar Decl., ¶ 6).

6. The Trustee evaluated the issue of whether the estate would be required to pay capital gains taxes on the income generated by the sale of the property and concluded that it would not. (Farrar ¶ 7).

7. The Trustee believes that there is equity in the Property and a sale of the Property is the best method of liquidating it for the benefit of the estate. (Farrar Decl., ¶ 8).

8. On April 5, 2010, the Trustee and James R. Roehl and Amy S. Roehl (the "Roehls") entered into a Vacant Land Purchase Agreement and Joint Escrow Instructions under which the Roehls agreed to purchase the Property for $105,000 contingent on approval by the

Tuolumne County Environmental Health Department of a an appropriate septic system (for a cost not to exceed $25,000. The Roehls also agreed to pay up to $5000 for an evaluation of the septic issues by the County Environmental Health Department. The Trustee granted the Roehls up to 81 days to complete the soil testing, engineering, and county approval process (60 days plus up to an additional 21 days if necessary). The Property will be sold on an "AS IS" basis without any warranties. (Collectively, the "Agreement"). (Farrar Decl., ¶ 9, Ex. B).

9. The Agreement is contingent on Court approval of this Motion. (Farrar Decl., ¶ 10).

10. To help ensure that the Property is being sold for the maximum sale price, Mr. Farrar proposes that the sale be subject to overbidding at the hearing on this Motion. Any party interested in overbidding must be willing to purchase the Property on the terms of the Agreement. Each bidder must qualify by demonstrating at the hearing that they have the financial ability to close the transaction no later than 10 days after the hearing. The successful bidder must pay the Trustee a non-refundable deposit of $5250 (approximately five percent of the proposed sale price) because of the risks to the estate of losing the proposed sale.

Finally, the first overbid must start at $5,000 above the purchase price of $105,000, or $110,000. Successive bids may only be made in increments of $500. (Farrar Decl., ¶ 11).

11. The Trustee believes the sale of the Property is in the best interests of the creditors and should be approved by the Court under Bankruptcy Code Section 363. (Farrar Decl., ¶ 12).

12. The Trustee respectfully requests that the Court authorize the sale of the Property on the terms set forth in this Motion, and grant such other relief as is just and proper.

Dated: May 14, 2010

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee,
GARY R. FARRAR